## CUSTODY OF A MINOR (No. 1).

Hampden. January 11, 1984. — March 29, 1984.

Present: HENNESSEY, C.J., ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Jurisdiction,* Care and protection of minor. *Minor,* Care and protection, Adoption. *Adoption,* Care and protection. *Court Reorganization Act. Chief Administrative Justice.*

A Juvenile Court, rather than the Superior Court, had jurisdiction to hear a petition under G. L. c. 119, § 26, for review and redetermination regarding a child in the custody of the Department of Social Services pursuant to a care and protection proceeding originally heard in a Juvenile Court and subsequently in the Superior Court under the de novo review provisions then in effect. [575-576]

Where a petition for review and redetermination filed by the mother of a child in the custody of the Department of Social Services pursuant to a care and protection proceeding was pending in a Juvenile Court when the department brought a petition under G. L. c. 210, § 3(*b*), in a Probate Court to dispense with the mother's consent to adoption, this court ordered a Juvenile Court judge to hear the petition for review, and then, sitting as a Probate Court judge, to hear the petition to dispense with the mother's consent to adoption. [576-580]

Discussion of the authority of the Chief Administrative Justice of the Trial Court under G. L. c. 211B, § 9, and c. 210, § 3(*b*), as amended by St. 1983, c. 437, respecting the consolidation of related custody and adoption proceedings initially brought in different departments of the Trial Court. [578-579]

PETITION filed in the Springfield Division of the Juvenile Court Department on April 15, 1983.

The case was heard by *Pellegrino,* J.

MOTION filed in the Superior Court Department on July 29, 1983.

The proceeding was heard by *Griffin,* J.

After review was sought in the Appeals Court, the Supreme Judicial Court ordered direct appellate review on its own initiative.

*M. John Schubert* for the minor.

*Ellen B. Kaplan* for the mother.

*H. Reed Witherby,* Assistant Attorney General, for Department of Social Services.

LYNCH, J. This case presents the question whether the Juvenile Court or the Superior Court has jurisdiction under G. L. c. 119, § 26, to hear a review and redetermination petition regarding a child in the custody of the Department of Social Services (department) pursuant to a care and protection proceeding. G. L. c. 119, § 24. We decide that jurisdiction over such petitions is properly in the Juvenile Court.[1]

This case has a lengthy procedural lineage, a phenomenon all too common in the child custody area. The minor was born in January, 1977, and in June of that year the department filed a care and protection suit on her behalf in Juvenile Court.[2] Temporary custody was awarded to the department the following month, and the child was placed in a foster home. In July, 1978, the department was awarded permanent custody by the Juvenile Court, and the mother appealed its decision to the Superior Court.[3] The Superior Court affirmed the grant of

[1] On February 17, 1984, we issued the following order:

"These are consolidated appeals of actions brought pursuant to G. L. c. 119, § 26. The judgment of the Superior Court Department of the Trial Court for Hampden County (No. 78-1327), is reversed and the case ordered dismissed. The judgment of the Juvenile Court Department of the Trial Court, Springfield Division (No. CP441), is reversed and the case remanded, to be heard in the following manner.

"The Juvenile Court shall first hear the review and redetermination petition (No. CP441). Then, in accordance with his powers under G. L. c. 210, § 3(*b*), as amended through St. 1983, c. 437, and G. L. c. 211B, § 9, we direct that the Chief Administrative Justice of the Trial Court transfer a petition to dispense with consent to adoption (No. 178951), pending in the Probate and Family Court Department for the County of Hampden, to the above Juvenile Court. The judge of the Juvenile Court who hears the review and redetermination petition (No. CP441) shall then hear, immediately thereafter, the petition to dispense with consent to adoption (No. 178951).

"We further direct that these proceedings commence and be completed without delay.

"Opinion to follow. Rescript to issue forthwith."

[2] The facts of this case are discussed extensively in *Custody of a Minor (No. 2),* 13 Mass. App. Ct. 290 (1982); at this point, we need only summarize the relevant details.

[3] At the time of this appeal (October, 1978), G. L. c. 119, § 27, permitted de novo review of custody decisions in the Superior Court. In 1979, jurisdiction over these appeals was shifted to the juvenile appeals session of the District Court. St. 1978, c. 478, § 51. In 1981, the Legislature eliminated

permanent custody to the department. The child and her mother appealed to the Appeals Court, and in a full opinion that court also affirmed. *Custody of a Minor (No. 2)*, 13 Mass. App. Ct. 290 (1982).

Twelve days after the Appeals Court decision, the United States Supreme Court decided the case of *Santosky* v. *Kramer,* 455 U.S. 745 (1982), in which it held that, where the termination of parents' rights over their child is at issue, a "clear and convincing" evidentiary standard (as opposed to a "fair preponderance of the evidence") must be employed. *Id.* at 768-769. In response, the Appeals Court modified its disposition of the case by remanding it to the Superior Court judge for reconsideration in light of the decision in *Santosky*. *Custody of a Minor (No. 2)*, 13 Mass. App. Ct. 1088 (1982). On remand, the judge reaffirmed her decision. This determination was subsequently affirmed on appeal by the Appeals Court. 15 Mass. App. Ct. 1104 (1983).

This decision of the Appeals Court, its third involving this case, was in January, 1983. In April, 1983, the mother and child[4] petitioned in the Juvenile Court for a review and redetermination of the child's needs, pursuant to G. L. c. 119, § 26.[5] Although a Juvenile Court judge initially allowed the petition and held a hearing, he subsequently dismissed the petition for lack of jurisdiction. The petitioners then filed their review and redetermination request in the Superior Court, but that court also declined to exercise jurisdiction, noting that "[j]urisdiction appears to be in Juvenile Court." The mother and child appealed to the Appeals Court from both judgments, and we transferred

entirely the right to appeal de novo, leaving only traditional appellate jurisdiction remaining in the Appeals Court. St. 1981, c. 715, § 1.

[4] The mother and child have retained separate counsel, although it is not clear on the record to what extent the child has knowledge of or is currently participating in these proceedings. The child has lived with her present foster parents since November, 1977.

[5] In cases where permanent custody of a child is awarded to the department or foster parents under the care and protection provisions, G. L. c. 119, §§ 24-27, the child's natural parents still may "petition the court not more than once every six months for a review and redetermination of the current needs" of the child. G. L. c. 119, § 26, as amended through St. 1978, c. 552, § 29.

the consolidated appeals to this court sua sponte. In essence, the parties ask us to decide whether the Juvenile or the Superior Court should hear the petition.

Another court plays a role in these proceedings. The department has brought a petition under G. L. c. 210, § 3 (b), in the Probate Court to dispense with the mother's consent to the adoption of the child by her foster parents.[6] In response, the mother has urged the Probate Court to dismiss the department's petition, on account of the pendency of the review and redetermination petitions filed in the Juvenile and Superior Courts. It appears that the Probate Court has not yet acted on the mother's motion.

1. All parties to this case agree that G. L. c. 119, § 26, unequivocally grants a right to the natural parents of a child committed to the custody of the department to request a review of that child's status on the periodic basis. We have little difficulty in deciding that the appropriate forum for the exercise of this review power is the Juvenile Court. "This court has often recognized the unique character of the Juvenile Courts as forums in which, to the extent possible, the best interests of the child serve to guide disposition." *Police Comm'r of Boston* v. *Municipal Court of the Dorchester Dist.*, 374 Mass. 640, 666 (1978). On account of its experience with juvenile matters, the Juvenile Court appears to be the natural locus for a proceeding which relies extensively on the assessment of a child's current well-being, and on the potentiality for a future return to or visitation by her parents. The Superior Court's involvement in the instant case is entirely a product of a previous statutory structure (see note 3, *supra*), which has been subsequently amended.

[6]General Laws c. 210, § 3 (b), as amended by St. 1983, c. 437, provides in relevant part: "The department of social services or any licensed child care agency may commence a proceeding, independent of a petition for adoption, in the probate court of Suffolk county or any other county in which said department or agency maintains an office, to dispense with the need for consent of [the natural parents or others] to the adoption of a child in the care or custody of said department or agency. . . . The court shall issue a decree dispensing with the need for said consent or notice of any petition for adoption of such child subsequently sponsored by said department or agency if it finds that the best interests of the child as defined . . . will be served by said decree."

Although G. L. c. 119, § 26, does not specify in which "court" review and redetermination petitions should be filed, a survey of its immediate statutory surroundings indicates an intention by the Legislature to confer jurisdiction on the Juvenile Court. General Laws c. 119, § 24, explicitly provides that care and protection petitions should be initiated in the Juvenile Court (or in the juvenile session of a District Court), and it gives such courts authority to issue orders summoning a child and his parents before the court for adjudication of these petitions. The Juvenile Court may, under that section, issue an emergency order transferring custody of the child to the department. The section further authorizes the Juvenile Court to appoint an investigator to evaluate issues relating to the care and protection petition.

General Laws c. 119, § 26, essentially completes the process which G. L. c. 119, § 24, began. General Laws c. 119, § 26, permits the "court" to adjudicate the petition, and, if a judgment that the child is in need of care and protection is made, to commit the child to the custody of the department. "On any petition filed in any court pursuant to this section," G. L. c. 119, § 26, also creates the review and redetermination right. We can find no judicial policy or statutory indication that this latter, continuing right to review was meant to be vested in a court different from the court in which the care and protection petition was initiated.

In a process already characterized by long delays, the transfer of the review and redetermination petition to the Superior Court would merely accentuate these problems. Although they are not controlling per se, the department's regulations also support the conclusion that G. L. c. 119, § 26, review and redetermination petitions should be heard by the Juvenile Court. 106 Code Mass. Regs. §§ 234.064, 234.066 (1978). Since the Juvenile Court in the instant case has already appointed an investigator and conducted a hearing, significant interests of judicial efficiency and expedition are also served by its retention of jurisdiction.

2. The department also asks us to consolidate the review and redetermination proceeding with the pending Probate Court

action to dispense with the mother's consent to adoption. The request is entirely proper, as it seeks finally to bring to a conclusion this seven-year odyssey of proceedings undertaken in multiple trial courts. While delays are often an inevitable product of resolving complex legal disputes, "[n]o cases of any kind have a greater claim for expedition at all stages than those involving care and custody of children." *Custody of a Minor*, 389 Mass. 755, 764 n.2 (1983).

The Legislature has recently emphasized the desirability of avoiding unnecessary delays in the litigation of custody and adoption disputes. Statute 1983, c. 437, was enacted on October 19, 1983, and it explicitly gives the Chief Administrative Justice of the Trial Court the authority to consolidate related custody and adoption actions brought initially in different trial courts.[7] Specifically, the law permits a pending petition to dispense with consent to adoption (a G. L. c. 210, § 3 (*b*), action) to be heard immediately after the resolution of a review and redetermination or other care and protection proceeding (actions brought under G. L. c. 119, §§ 24-27), by the same judge. In accordance with the statutory framework, the judge assigned to hear the respective actions would sit as a Juvenile Court judge during the adjudication of the care and protection issues, and would then sit as a Probate Court judge in hearing the petition to dispense with consent to adoption. In the instant case, we have issued an order to this effect (see note 1, *supra*), which directs that the Probate Court action be consolidated with the review and redetermination petition, and that a judge of the Juvenile Court begin to hear the latter petition.

Counsel for the mother raises various objections to the consolidation of the Probate and Juvenile Court actions. As an

_____

[7] Statute 1983, c. 437, added the following paragraph to G. L. c. 210, § 3 (*b*): "A petition brought pursuant to this paragraph may be filed and a decree entered notwithstanding the pendency of a petition brought under chapter one hundred and nineteen or chapter two hundred and one regarding the same child. The chief administrative justice of the trial court may, pursuant to the provisions of section nine of chapter two hundred and eleven B, assign a justice from any department of the trial court to sit as a justice in any other department or departments of the trial court and hear simultaneously a petition filed under this paragraph and any other pending case or cases involving custody or adoption of the same child."

initial matter, it is argued that St. 1983, c. 437, may not be applied to a case both filed and argued before the expiration of the ninety-day period which typically must elapse before statutes without emergency preambles become effective. Art. 48 of the Amendments to the Massachusetts Constitution, The Referendum, I. However, the new statute comes within an exception to this general rule. As a law which "relates to . . . the powers . . . of courts," it cannot be made the subject of a referendum, and therefore takes effect in thirty days. Art. 48, The Referendum, III, § 2. G. L. c. 4, § 1. *Commonwealth* v. *Yee*, 361 Mass. 533, 537-538 (1972). The law took effect on November 18, 1983, over a month before the case was argued before this court. More importantly, the statute regulates procedure rather than substance, and therefore by its very nature applies retroactively to the commencement of these actions. *Goodwin Bros. Leasing* v. *Nousis*, 373 Mass. 169, 173 (1977). *Kagan* v. *United Vacuum Appliance Corp.*, 357 Mass. 680, 683 (1970). *Hanscom* v. *Malden & Melrose Gas Light Co.*, 220 Mass. 1, 3 (1914).

Even if St. 1983, c. 437, is not applied retroactively to the currently pending actions, the Chief Administrative Justice would have authority to order consolidation pursuant to his general authority under G. L. c. 211B, § 9.[8] This statute was part of the Court Reorganization Act, which was aimed at consolidating judicial resources into a unified and efficient trial court. In interpreting G. L. c. 211B, § 9, we have stated that "it is axiomatic that the Chief Administrative Justice possesses not only that authority specifically granted to him by

---

[8] General Laws, c. 211B, § 9, inserted by St. 1978, c. 478, § 110, provides in relevant part: "The chief administrative justice may assign a justice appointed to any department of the trial court to sit in any other department of the court, for such period or periods of time as he deems will best promote the speedy dispatch of judicial business . . . . The chief administrative justice may, after consultation with the administrative justice of a department, promulgate administrative rules or directives concerning the transfer of cases entered for trial in one division to another division of the department in the same or an adjoining county. All rules promulgated by said chief administrative justice shall be subject to the approval of the justices of the supreme judicial court." Cf. *Foster* v. *Evans*, 384 Mass. 687, 689 (1981).

statute, but also the authority to employ all ordinary means reasonably necessary for the full exercise of the powers granted to him and the duties imposed upon him." *Clerk of the Superior Court for the County of Middlesex* v. *Treasurer & Receiver Gen.*, 386 Mass. 517, 522 (1982). In accordance with this implied authority, in 1981 the Chief Administrative Justice issued an informational memorandum discussing his G. L. c. 211B, § 9, powers, which include the ability to assign a judge "to sit simultaneously as a justice of several Departments to reduce delay and duplication in actions pending in the Trial Court." Informational Memorandum: Procedure for Requesting Judicial Assignments to Address Related Actions Entered in Different Departments of the Trial Court.

This description of situations appropriate for the exercise of the Chief Administrative Justice's consolidation power is clearly applicable to the instant case, where a combination of an extended procedural history and the sensitive personal issues at stake makes its expedited resolution imperative. Consolidation is not an unfamiliar tool in the child custody contest, *Cennami* v. *Department of Pub. Welfare*, 5 Mass. App. Ct. 403, 415 (1977), and its use has been suggested in other cases where personal rights may be harmed by delay. See, e.g., *Rogers* v. *Commissioner of the Dep't of Mental Health*, 390 Mass. 489, 499 (1983) (competency and substituted judgment determinations). Certainly, it appears far more desirable to consolidate the related Probate Court proceeding than simply to dismiss it, as urged by counsel for the mother. See *Konstantopoulos* v. *Whately*, 384 Mass. 123, 129-130 (1981).

The mother also opposes the department's consolidation request on the ground that initiating a G. L. c. 210, § 3 (*b*), adoption proceeding is premised upon "care and custody" being in the department, a condition which she says is not fulfilled on account of the pending, unresolved review and redetermination action. The mother relies on our recent decision in *Adoption of a Minor*, 386 Mass. 741, 748 (1982), in which we held that "the bare fact of physical care" is not enough to

establish "custody" for the purposes of a petition for adoption without parental consent. In that case, the mother was in the process of actively appealing a custody award when the petition for adoption without parental consent was filed, and we ruled that the custody dispute should be resolved before adjudication of the adoption action.

This holding is not inconsistent with our decision today. First, in the instant case the care and protection proceeding as far as the custody award is concerned has been concluded, and the mother has effectively utilized all her available rights of appeal. This is quite unlike the situation of the mother in *Adoption of a Minor, supra,* who had only progressed to the initial appeals stage of the custody award process, G. L. c. 119, § 27, when the foster parents' adoption petition was filed. Further, in the instant case, we have directed the judge assigned to hear these actions to schedule them seriatim, with the review and redetermination petition to be heard prior to the petition to dispense with consent to adoption. This was done so as to preserve the "orderly progression" of the statutory scheme, *Adoption of a Minor,* 386 Mass. at 748, while at the same time expediting that progression in a manner not prejudicial to any of the parties involved. The concerns that caused us to approve the dismissal of the adoption petition in *Adoption of a Minor, supra,* such as the prospect of conflicting orders rendered by different courts, simply do not pertain in the instant case, and indeed are actively circumvented by the consolidated trial procedure.