ADOPTION OF A MINOR.

Middlesex.  June 12, 1986. — June 30, 1986.

Present: GREANEY, C.J., DREBEN, & WARNER, JJ.

*Adoption*, Foster parents, Standing. *Words*, "Care."

Foster parents with whom a child had been placed at the age of two weeks by an agency under contract with the Department of Social Services had standing, by virtue of G. L. c. 210, § 2A(E), to bring a proceeding for adoption in the Probate Court following the department's refusal to approve their petition for adoption of the child and its decision to remove the child from the foster home in order to place her with her maternal great uncle and his wife, where the department had custody of the child pursuant to a care and protection proceeding under G. L. c. 119, §§ 24-26, and where the child's mother, her only known parent, had voluntarily executed a surrender of the child to the department for adoption. [470-472]

PETITIONS filed in the Middlesex Division of the Probate and Family Court Department on February 25, 1986, and March 5, 1986, respectively.

Motions to dismiss were heard by *Edward M. Ginsburg*, J.

*Jinanne S. J. Elder* (*Linda Sternberg* with her) for the petitioners.

*Patricia Tellis-Warren* for Department of Social Services.

*Ruth-Arlene W. Howe*, guardian ad litem, amicus curiae, submitted a brief.

DREBEN, J.  These are appeals from the dismissal of a petition for adoption and a petition for guardianship, both brought by foster parents of a child committed to the custody of the Department of Social Services (department), and whose only known parent, her mother, voluntarily surrendered custody to the department for the purpose of adoption. We hold that the petitioners (foster parents) have standing to bring the petition for adoption and reverse the judgment dismissing that petition.

In the circumstances, we do not reach the question of the propriety of the dismissal of the guardianship petition.

The facts are not in dispute. The child was born on May 6, 1985, and has resided with the foster parents since the age of two weeks, when she was placed with them by an agency under contract with the department. Pursuant to a care and protection proceeding, G. L. c. 119, §§ 24-26, the department received custody of the child. Shortly thereafter, her mother voluntarily executed a surrender of the child to the department for adoption. (G. L. c. 210, § 2.) Her father is unknown.

Although the foster parents wrote the department in November, 1985, and again in January, 1986, that they wished to adopt the child, the department, after investigation, approved the placement of the child with her maternal great uncle and his wife. On February 14, 1986, the department wrote the foster parents that the child would be removed from their home in order for her to be placed in the adoptive home of her maternal relative and that a preplacement visit for the great uncle and his wife was scheduled. The letter also stated that the department "is mandated by the legislature to keep families together whenever possible [citations omitted]. This also includes extended families." The foster parents were informed that they did not have a right to appeal from the decision of removal because such right of appeal, under the department's regulations, does not apply if the child is to be removed to the home of a relative and the foster parents are not relatives.

The present petitions followed. The department's motions to dismiss both petitions on procedural grounds were allowed without an evidentiary hearing.[1] The foster parents petitioned a single justice of this court for relief. After hearing, the single justice expedited the appeals and ordered that the child remain

---

[1] The department in its brief suggests that the judge's decision to dismiss the adoption petition was based on the report of the guardian ad litem for the child and, hence, was a decision on the merits. This argument is belied by the motion to dismiss filed in the Probate Court. Moreover, any decision on the merits which did not give persons having standing the right to cross-examine the investigator would have been inappropriate. *Gilmore* v. *Gilmore*, 369 Mass. 598, 603 (1976).

with the foster parents pending appeal. Visitation with the maternal relative was to be continued on an agreed upon schedule.

The only significant issue before us is whether the foster parents have standing to bring the adoption petition. See note 1, *supra*. Both parties rely on the recent case of *Adoption of a Minor*, 386 Mass. 741 (1982) (hereinafter referred to as the 1982 case). There, foster parents were held not to have standing to bring a petition for adoption in a Probate Court while the child's mother was challenging a separate petition for care and protection in a District Court. In its decision, the Supreme Judicial Court first analyzed the adoption statutes and made the following points which are here applicable.

One of the "conditions" of G. L. c. 210, § 2A, set forth in the margin,[2] must be met before a Probate Court judge may enter a decree of adoption. *Id.* at 744. The foster parents in this case, as in the 1982 case, fail to satisfy any of the first four conditions of G. L. c. 210, § 2A. *Id.* at 745 n.4. The foster parents do, however, meet condition § 2A(E), which permits a petitioner aggrieved by the refusal of the department to approve a petition for adoption, after being requested to do so, to appeal to the Probate Court. This is so because the foster parents, having failed to obtain the department's approval of their petition,[3] may "appeal" from the department's denial. The

---

[2] General Laws c. 210, § 2A, as amended through St. 1978, c. 552, §§ 34 & 35, provides: "No decree of adoption shall be entered for the adoption of a child below the age of fourteen until one of the following conditions has been met: — (A) The child sought to be adopted has been placed with the petitioners for adoption by the department of social services or by an agency authorized by said department for such purpose, or (B) The petitioner is a blood relative of the child sought to be adopted, or (C) The petitioner is a step-parent of the child sought to be adopted, or (D) The petitioner was nominated in the will of a deceased natural parent of the child as a guardian or an adoptive parent, or (E) The petition for adoption has been approved in writing by the department of social services or by an agency authorized by said department. Any petitioner aggrieved by the refusal of the department or of an agency to approve such petition after being requested to do so, may appeal such refusal to the probate court in which the petition for adoption is pending, which court shall make final determination as to the allowance or dismissal of the petition."

[3] In the 1982 case, the court held there need be no deferral for additional agency administrative proceedings. As the department is a party, "[i]ts

statute does not require that the appeal be taken by any particular formal document. *Adoption of a Minor*, 338 Mass. 635, 639 (1959). "Such an appeal is incorporated in the adoption petition [of the foster parents] and permits the judge to override the Department's decision as part of his determination of the merits of the petition." *Adoption of a Minor*, 386 Mass. at 745.

The bar to the standing of the foster parents in the 1982 case was that the mother was opposing the care and protection proceeding at the time the adoption petition was brought. She had not consented to adoption, see G. L. c. 210, § 2, and, in such circumstances, the court held that G. L. c. 210, § 3, imposed two additional requirements, one of which is relevant here: "The petitioner, or the Department, as the case may be, must have the 'care or custody' of the child . . . ." *Id.* at 744. Although the foster parents in the 1982 case in a literal sense were caring for the child, they were held not to have care of the child for purposes of G. L. c. 210, § 3(*a*).[4] Care for the purposes of the statute "means care acquired either with the consent or acquiescence of the parents, or through a statutory procedure for involuntary transfer of care or custody . . . . The foster parents, for their part, derive their rights and status with respect to the child entirely through the Department. If the Department does not have care of the child, for purposes of § 3, neither can the foster parents have care of the child." *Id.* at 747.

In the case at bar the care and protection proceeding had been resolved in favor of the department at the time of the filing of the petition for adoption. In such circumstances, the

---

participation, and the report it must submit under G. L. c. 210, § 5A, ensure that the judge has the full benefit of its views and expertise." *Id.* at 745. In the present case, unlike the 1982 case, the foster parents twice in writing sought departmental approval.

[4] Section 3 (*a*), as appearing in St. 1972, c. 800, § 2, in relevant part provides: "Whenever a petition for adoption is filed by a person having the care or custody of a child, the consent of the persons named in section two . . . shall not be required if:

"  .  .  .  .

"(ii) the court hearing the petition finds that the allowance of the petition is in the best interest of the child . . . ."

foster parents who have been caring for the child since May, 1985, by a placement derived through the department are not in the shoes of the foster parents of the 1982 case. The stumbling block of that case does not apply to them. They have "care" within the meaning of § 3(*a*).

In addition, here, unlike the 1982 case, the mother has consented to adoption.[5] Thus, the provision of G. L. c. 210, § 3(*a*), which states the conditions under which consent (see G. L. c. 210, § 2) is not required, is not in terms here applicable. We need not decide whether the requirement of "care" (contained in § 3[*a*], see note 4, *supra*) termed "additional" by the Supreme Judicial Court in the 1982 case at 744, is a prerequisite to bringing an adoption petition where there is consent.[6] In any event, the foster parents have such "care." They have satisfied the condition of G. L. c. 210, § 2A(E), see note 2, *supra*, and they are entitled to bring their "appeal" to the Probate Court by means of a petition for adoption. At the hearing on the petition, the department will undoubtedly submit its plan for adoption of the child. Because the issues in the guardianship petition are subsumed in the adoption petition, we do not reach the question whether the former was properly dismissed.

The judgment dismissing the adoption petition is reversed, and the petition is to be heard on the merits in as expedited a manner as is feasible. Until otherwise ordered by a Probate Court judge, the orders of the single justice of this court, including the visiting schedule, shall remain in force.[7]

*So ordered.*

---

[5] By St. 1983, c. 437, G. L. c. 210, § 3(*b*), was amended to allow a petition to dispense with consent to adoption to be filed and a decree entered, notwithstanding the pendency of a petition under c. 119 or c. 201.

[6] We note, in this connection, that G. L. c. 119, § 23(F), as appearing in St. 1973, c. 925, § 40, provides that where a parent or parents have consented to adoption and the child becomes eligible for adoption, "foster parents should be notified, and may 'request consideration' as adoptive parents." *Adoption of a Minor*, 386 Mass. at 749.

[7] For weeks not covered by the visiting schedule, visiting shall be as specified for the week of June 23, 1986, the last week mentioned in the schedule.