## ADOPTION OF DEBRA.

Hampshire. December 8, 1993. - January 20, 1994.

Present: LIACOS, C.J., WILKINS, NOLAN, LYNCH, & GREANEY, JJ.

*Adoption*, Foster parents. *Minor*, Adoption, Care and protection, Custody. *Parent and Child*, Adoption, Care and protection of minor, Custody of minor. *Words*, "Care."

Foster parents, caring for a child under the authority of a court order in a care and protection proceeding that granted temporary custody of the child to the Department of Social Services, did not have standing to file a petition for adoption of the child, without the natural parents' consent. [792-795]

PETITION filed in the Hampshire Division of the Probate and Family Court Department on September 29, 1992.

The case was heard by *Sean M. Dunphy*, J., on a motion to dismiss.

*John F. Moriarty, Jr.*, for the petitioners.

*Virginia A. Peel* for Department of Social Services.

The parents, pro se, submitted a brief.

WILKINS, J. This appeal presents the question whether foster parents, caring for a child under the authority of a court order in a care and protection proceeding that granted the Department of Social Services (department) temporary custody of the child, properly may file a petition for adoption of the child. A judge in the Hampshire Probate and Family Court decided not and dismissed the foster parents' adoption petition on the department's motion which was founded on its claim that the foster parents lacked standing to bring the petition. We transferred the foster parents' appeal to this court. We affirm the judgment dismissing the petition.

We recite the undisputed facts.[1] Debra was born on March 25, 1990. When she was approximately six months old, her mother left her with an aunt in Holyoke and returned to Connecticut. On September 25, 1990, the department filed a care and protection petition in the Holyoke District Court, and, on that day, the court ordered temporary custody of Debra in the department. In turn, the department placed Debra in the home of the foster parents. The foster parents were permitted to intervene in the District Court proceeding.

In January, 1991, after a hearing that her parents did not attend, Debra was adjudicated to be a child in need of care and protection (G. L. c. 119, § 26 [1992 ed.]) and was committed to the department's temporary custody. A few months later, the parents expressed interest in regaining custody of Debra, and the department undertook to study the question in cooperation with Connecticut authorities. By the summer of 1992, the department had concluded that steps should be taken toward reunification of the parents and Debra. Under G. L. c. 119, § 26, the parents have requested a District Court review and redetermination of the needs of Debra.

In September, 1992, the foster parents, who have wished to adopt Debra ever since she was placed with them, wrote the department, asking for the department's approval of a petition that would seek approval of their adoption of Debra. The department declined. On September 29, 1992, the foster parents filed their adoption petition. In early January, 1993, a Probate Court judge entered a judgment of dismissal following a hearing on the department's motion for dismissal of the action.

Here, the child's parents have not consented to the adoption, and, therefore, an individual may file a petition for

---

[1]The department's motion to dismiss the foster parents' adoption petition was presented to the motion judge solely on the arguments of counsel. There was no agreement concerning the facts. Copies of the docket and pleadings in the care and protection case were not offered before the motion judge. There do not appear to be any differences, however, between the parties concerning the major relevant events. Neither party expresses concern about the state of the record before us.

adoption only if that person has "the care or custody" of the child. G. L. c. 210, § 3 (a) (1992 ed.). The word "care" has a special meaning in § 3 (a). *Adoption of a Minor*, 386 Mass. 741, 746-747 (1982). For the purposes of this case, "care" means care acquired through a statutory procedure for involuntary transfer of care or custody. *Id.* at 747. The question then is whether an order placing a child in the temporary care and custody of the department (entered by a District Court judge sitting in a juvenile session), followed by the department's placing of the child with foster parents, establishes "care" in the foster parents within the intent of § 3 (a).

Appellate decisions in the Commonwealth do not provide an answer to this question. In *Adoption of a Minor, supra,* we said that, when a care and protection proceeding has not been finally resolved, "care remains at issue, and cannot be deemed to rest with the Department." *Id.* There, when the foster parents' adoption petition was filed, a natural parent had appealed for a de novo care and protection determination after a District Court judge had awarded permanent custody to the department, and the parent's appeal was still pending. *Id.* at 742. In another case, the Appeals Court held that foster parents had "care" within the meaning of § 3 (a), when a care and protection proceeding had already been resolved in favor of the department's care and custody at the time the adoption petition was filed. *Adoption of a Minor*, 22 Mass. App. Ct. 468, 471-472 (1986).[2] This court in *Custody of a Minor (No. 1)*, 391 Mass. 572 (1984), decided that an adoption petition need not be dismissed if, when the foster parents' petition was filed, the care and protection proceeding had been concluded with an award of permanent custody to the department, and the mother had exhausted her rights of appeal. *Id.* at 573, 580. The fact that the mother had later exercised her statutory right of review and redetermination

[2]As an independent ground for ruling that the adoption petition was proper, the court relied on the fact that the mother consented to the adoption. *Adoption of a Minor*, 22 Mass. App. Ct. 468, 472 (1986).

of the care and protection issue (G. L. c. 119, § 26 [1992 ed.]) did not deny the foster parents status as persons who had "care" of the child. *Id.*

The Legislature properly could indicate when a foster parent may file a petition for the adoption of a child for whom he or she is caring temporarily at the request of the department. The Legislature has not done so explicitly, and we must, therefore, as we have done previously, answer the question in the circumstances of a given case. The department did not obtain permanent custody of Debra, and thus the foster parents did not have the care of a child in the department's permanent custody. Where the care and protection proceeding has not produced a final care and protection determination, we conclude that "care," in the sense relevant to the issue before us, has not passed to persons selected by the department to take care of a child. In this case, the long continuance of the foster parents' role, to be sure, tends to belie the temporary nature of the foster parents' care. On the other hand, in a care and protection case the permanence of any custody order is always doubtful because a parent may require a reconsideration of any custody determination every six months (unless an order has been entered dispensing with the need for that parent's consent to adoption). G. L. c. 119, § 26.

A parent should not be obliged to challenge a temporary care or custody order in a care and protection case at the risk, if the parent does not do so, that foster parents immediately will be in a position to petition to adopt the child. While a temporary custody order in favor of the department is in effect in a care and protection case, the foster parents should not have the right to petition for adoption, without the natural parents' consent.

We do not rest our conclusion on the facts that, at the time the adoption petition was filed, Debra's natural parents appeared to be potentially able and willing to care for her properly and that the department had moved in the care and protection proceeding toward supporting the parents in this respect. These facts, of course, do justify the conclusion that

the foster parents should not now be entitled to advance the adoption question in the Probate Court. The foster parents are interveners in the District Court care and protection proceeding where the issue of the natural parents' fitness can be decided, after which, if the circumstances warrant, the matter of adoption can be considered. Even if these facts supportive of our conclusion did not exist, we would hold that an order giving the department temporary custody of a child in a care and protection case does not give foster parents selected by the department the kind of "care" that grants them standing to file a petition for adoption of the child.

*Judgment affirmed.*