NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-13846

IN THE MATTER OF AN IMPOUNDED CASE.


Suffolk.     February 2, 2026. - May 8, 2026.

Present:  Budd, C.J., Gaziano, Kafker, Wendlandt, Georges, Dewar, & Wolohojian, JJ.


Department of Children & Families.  Declaratory Relief. Injunction, Superior Court.  Jurisdiction, Superior Court, Juvenile Court.  Superior Court, Jurisdiction.  Juvenile Court, Jurisdiction.  Practice, Civil, Injunctive relief, Declaratory proceeding, Motion to dismiss.  Minor, Care and protection.  Administrative Law, Regulations.  Grandparent.



Civil action commenced in the Superior Court Department on June 4, 2024.

A motion to dismiss was heard by Joseph F. Johnston, J., sitting under statutory authority.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.


Jennifer M. Lamanna for the plaintiff.
Phoebe Fischer-Groban, Assistant Attorney General, for Department of Children and Families & another.
Morgan A. Russell for the children.
Ann Balmelli O'Connor & Andrew L. Cohen, Committee for Public Counsel Services, for Committee for Public Counsel Services, amicus curiae, submitted a brief.

KAFKER, J.  After initially placing the plaintiff's three grandchildren into her foster care, the Department of Children and Families (DCF) notified the plaintiff that it would be placing the children into a new home.  The plaintiff challenged that decision pursuant to DCF's administrative fair hearing process, see 110 Code Mass. Regs. § 10.01 (2014), but the children were removed during the process; the hearing officer subsequently rendered a final determination in the plaintiff's favor.  One month after that determination became final, with the children still placed elsewhere, the plaintiff filed a complaint in the Superior Court seeking (1) a declaration that DCF had violated its own regulations by ignoring the results of the fair hearing, and (2) an injunction returning her three grandchildren to her care.  Reasoning that the Juvenile Court had exclusive original jurisdiction over placement-related matters, a Superior Court judge, who was a Juvenile Court judge sitting by special designation, concluded that the Superior Court lacked subject matter jurisdiction and dismissed the case.

We conclude that the Superior Court cannot grant the injunctive relief requested by the plaintiff.  When children have been adjudicated in need of care and protection and placed into DCF custody, any order concerning placement of such children is relief reserved to the exclusive jurisdiction of the Juvenile Court.  But the Superior Court <u>can</u> issue a declaration

that an agency's "practices or procedures" consistently violate its own regulations, G. L. c. 231A, § 2, and thus the plaintiff's declaratory judgment claim lies within the Superior Court's jurisdiction.  Accordingly, we affirm in part and reverse in part the judgment of dismissal, and we remand the case to the Superior Court.[1]

1.  Background.  Pursuant to care and protection proceedings in the Juvenile Court, in January of 2023, DCF removed three young children from their father's care and placed them into foster care with the plaintiff, their paternal grandmother.  At the time of their removal, the children's mother was missing and their father had been arrested in connection with her disappearance.

In May of 2023, DCF notified the plaintiff that it intended to remove the children from her care and place them instead in the care of their maternal aunt and uncle.  The plaintiff timely sought review of that decision via an administrative fair hearing.  See 110 Code Mass. Regs. §§ 10.00 (2014).  Her appeal triggered an automatic stay of the removal decision, but that stay was lifted following a determination by a DCF regional director that remaining with the plaintiff would endanger the

_____

[1] We acknowledge the amicus brief submitted by the Committee for Public Counsel Services.

children's well-being.  See 110 Code Mass. Regs. § 10.09(3).
Accordingly, on June 5, 2023, DCF removed the children from the
plaintiff's care and placed them with their maternal aunt and
uncle.[2]

The fair hearing began on August 10, 2023, and proceeded
over multiple days, concluding on September 21, 2023.  On April
3, 2024 -- over one-half year later -- the hearing officer
issued a written decision in favor of the plaintiff;[3] DCF took no
action to appeal from that decision, and it became final on May
6, 2024.

On June 4, 2024, the plaintiff commenced the instant action
in the Superior Court, naming DCF and its Commissioner as
defendants.  Her two-count complaint requested injunctive and
declaratory relief under both G. L. c. 231A and G. L. c. 214,

---

[2] The plaintiff also sought relief via the filing of a
guardianship petition.  She withdrew that petition on March 18,
2024, the same date when, after a trial in the care and
protection proceeding in the Juvenile Court, DCF was awarded
permanent custody of the children, and the father stipulated to
the termination of his parental rights.

[3] The decision's conclusion states:  "The [plaintiff] has
shown, by a preponderance of evidence, that [DCF]'s decisions to
remove the children from the [plaintiff]'s kinship foster home
was not made in conformity with [DCF] regulations and with a
reasonable basis, and therefore, [DCF]'s decision is REVERSED."

§ 1.[4]  The Juvenile Court judge who was presiding over the related care and protection proceedings was interdepartmentally assigned to preside over this case in the Superior Court.  See G. L. c. 211B, § 9 (xi).

On June 18, 2024, DCF held a "Regional Clinical Review" meeting, the purpose of which was to "review the appropriateness of [the plaintiff] as a long-term resource."  DCF concluded that it would "support [the plaintiff's] role as a grandmother and not as the permanent placement provider for the children."  In July of 2024, the children were removed from the care of their maternal aunt and uncle and placed in an unrelated foster home.

In January of 2025, the defendants moved to dismiss the complaint, arguing that the court lacked jurisdiction and that the complaint failed to state a claim.  See Mass. R. Civ. P. 12 (b) (1), (6), 365 Mass. 754 (1974).  The plaintiff cross-moved for judgment on the pleadings.  See Mass. R. Civ. P. 12 (c), 365 Mass. 754 (1974).  On February 14, 2025, the Superior Court issued its decision, wherein it explained that it lacked jurisdiction to grant the requested relief and thus was bound to dismiss the case.  See Mass. R. Civ. P. 12 (h) (3), 365

---

[4] General Laws c. 231A governs the Superior Court's power to grant declaratory relief, and G. L. c. 214, § 1, establishes its general equity jurisdiction.

Mass. 754 (1974). The plaintiff timely appealed, and we transferred the case to this court on our own accord.

2. Discussion. "We review dismissal for lack of subject matter jurisdiction de novo." Gammella v. P.F. Chang's China Bistro, Inc., 482 Mass. 1, 16 (2019). "Subject matter jurisdiction is jurisdiction over the nature of the case and the type of relief sought" (quotation and citation omitted). Ten Persons of the Commonwealth v. Fellsway Dev. LLC, 460 Mass. 366, 375 (2011).

The judge below correctly recognized that the Legislature has empowered the Juvenile Court, and not the Superior Court, with jurisdiction to grant the injunctive relief requested by the plaintiff: placing the children in her foster care. This is because such relief flows from proceedings that are, by statute, confined to the Juvenile Court. See G. L. c. 119, §§ 24, 26.

Care and protection petitions must be initiated in the Juvenile Court, see G. L. c. 119, § 24, and thus only the Juvenile Court may commit children to the custody of DCF in such proceedings, see G. L. c. 119, § 26. Once a child enters DCF custody, DCF is empowered to "determine [the] child's place of abode," G. L. c. 119, § 21, which is primarily in a private foster home, see G. L. c. 119, § 32. Subsequent judicial review of DCF's foster placement decisions occurs in the Juvenile

Court.  See G. L. c. 119, § 21 ("If a parent or guardian objects to [placement or visitation decisions], that parent or guardian may take application to the committing court . . .").  See also Care & Protection of Isaac, 419 Mass. 602, 608-611 (1995) (discussing options for judicial review in care and protection cases).

In Custody of a Minor (No. 1), 391 Mass. 572 (1984), we were faced with the question whether, after an initial determination of a child's needs in a care and protection proceeding in the Juvenile Court, the Superior Court could exercise jurisdiction over subsequent "review and redetermination" proceedings, G. L. c. 119, § 26 (c).  We answered in the negative:

> "We have little difficulty in deciding that the appropriate forum for the exercise of this review power is the Juvenile Court.  This court has often recognized the unique character of the Juvenile Courts as forums in which, to the extent possible, the best interests of the child serve to guide disposition. . . .  We can find no judicial policy or statutory indication that this . . . continuing right to review was meant to be vested in a court different from the court in which the care and protection petition was initiated."  (Quotation and citation omitted.)

Custody of a Minor (No. 1), supra at 575-576.  Similar reasoning dictates the result here.  Where a care and protection proceeding must commence, progress, and face subsequent review in the Juvenile Court, it follows that any placement-related relief arising out of a custody determination in such a

proceeding must also be granted by the Juvenile Court. The plaintiff's request that DCF be enjoined from "refusing to return [the children] to her" is in substance a request for such relief, and thus beyond the jurisdiction of the Superior Court to grant. Cf. Konstantopoulos v. Whately, 384 Mass. 123, 128-129 (1981) (holding Probate Court lacked subject matter jurisdiction over claim seeking relief in nature of certiorari, notwithstanding plaintiff's attempt to characterize it as injunctive and declaratory relief).

The Superior Court's jurisdiction does, however, permit declaratory relief, including "a determination of the legality of the administrative practices and procedures of any municipal, county or state agency or official which practices or procedures are alleged to be . . . in violation of rules or regulations . . . which violation has been consistently repeated." G. L. c. 231A, § 2. See Kenney v. Commissioner of Correction, 393 Mass. 28, 31 n.6 (1984). Here, in addition to injunctive relief, the plaintiff's complaint requested a declaration "that [DCF's] decision to ignore the orders issued through its administrative procedure is a violation of [its] governing regulations." Granting such declaratory relief, where warranted, lies within the jurisdiction of the Superior Court, and therefore dismissing the complaint in full was error. Should the plaintiff adequately plead and prove as much, the

Superior Court has jurisdiction to declare whether DCF's practices or procedures regarding the fair hearing process were consistently repeated and violated its own governing regulations. This it may do, even though the Superior Court lacks jurisdiction to order placement-related relief for a child in DCF custody, which is within the exclusive jurisdiction of the Juvenile Court.

As for whether declaratory relief should issue, and for the other, nonjurisdictional arguments raised by the parties in their motions, "[t]he judge did not reach [them]. We do not reach them either. They may be considered on remand." Doe v. Attorney Gen. (No. 1), 425 Mass. 210, 216 (1997).

3. Conclusion. We affirm so much of the judgment as dismisses the plaintiff's requests for injunctive relief, reverse so much of the judgment as dismisses the plaintiff's requests for declaratory relief, and remand the case to the Superior Court for further proceedings consistent with this opinion.

So ordered.